IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISMAIL K. AHMAD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-3326 |
| GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, et al., | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Plaintiff Ismail Ahmad filed a *pro se* suit, in the Circuit Court of Maryland for Baltimore City, against Defendants Government National Mortgage Association ("Ginnie Mae") and Mortgage Electronic Registration Systems, Inc. ("MERS"), asserting a quiet title action and seeking injunctive relief in connection with certain real property. The Defendants removed the case to this Court. Ginnie Mae filed a Motion to Dismiss (ECF No. 8) and MERS filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Motion to Terminate *Lis Pendens* (ECF No. 9). The Clerk of the Court mailed the Plaintiff a letter warning him that his case may be dismissed if he did not file a response. The Plaintiff did not file any opposition, and Defendant MERS requested a ruling on its unopposed Motion to Dismiss. This Court then ordered the Plaintiff to show cause why his Complaint should not be dismissed (ECF No. 13). The Plaintiff, now represented by counsel, filed his response to the show cause order. In his response, the Plaintiff provided no explanation for the delay other than his former *pro se* status. He provided no clarification as to his claims or

newly discovered evidence in support thereof.  Indeed, he has not stated any reasons why the Complaint should not be dismissed for the reasons stated in the pending Motions to Dismiss, but only requests more time to respond.  This Court concludes that the Plaintiff has failed to show good cause why his claims should not be dismissed.  *See, e.g.*, *Chen v. Mayor of Balt.*, 292 F.R.D. 288, 294-95 (D. Md. 2013) (dismissing case where plaintiff's proffered reasons for late service did not establish good cause).

Furthermore, the causes of action asserted in Ahmad's Complaint are subject to dismissal because he fails to state a claim upon which relief can be granted.  His claim in Count 1 is premised on the incorrect notion that a Defendant must be a "holder in due course" in order to enforce the Note and Deed of Trust at issue.  This position is contrary to Maryland law.  *Anderson v. Burson*, 35 A.3d 452, 460-62 (Md. 2011) (citing Md. Code Ann., Com. Law §§ 3-203 and 3-301).  Likewise, in Count 2, the mere fact that MERS did not hold title to the subject real property does not support a cause of action against MERS.  Additionally, his claim in Count 3 that there was no express permission granted to transfer the Note and Deed of Trust to Ginnie Mae fails to state a claim because no such express permission is necessary for transfer.  *See Svrcek v. Rosenberg*, 40 A.3d 494, 507 (Md. Ct. Spec. App. 2012) (recognizing that notes may be transferred freely and carry with them the security of any deed of trust).  His claim in Count 4 based on improper recording of the Deed of Trust by Ginnie Mae similarly fails because the ninety-day recording requirement he cites is in an Internal Revenue Code provision applicable to Real Estate Mortgage Conduits,

which are not at issue in this case.  *See* 26 U.S.C. §§ 860A-860G.[1]  Accordingly, the Plaintiff is not entitled to the injunctive relief he seeks, and because the case will be dismissed, the *lis pendens* on the property must be terminated.  *See* Md. Rule 12-102(c)(2).

## **CONCLUSION**

For the reasons stated above, the Ginnie Mae's Motion to Dismiss (ECF No. 8) and MERS's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Motion to Terminate *Lis Pendens* (ECF No. 9) are GRANTED.

A separate Order follows.

Dated:  June 4, 2014                                   /s/
                                                Richard D. Bennett
                                                United States District Judge

---

[1] Because this Court will dismiss all claims, the additional arguments raised by Ginnie Mae regarding lack of contractual privity, lack of standing, improper service of process, and sovereign immunity need not be addressed at this time.